## CÆSAR BOZIER *v.* THE STATE.

1. SWINDLING. — The purchase of property upon the faith and credit of some other person, falsely representing that such other person had given his authority to the purchaser, comes within the meaning of the specific offence denominated " swindling."

2. EVIDENCE. — The accused in this case offered testimony to prove that the articles were purchased for the family of the person whose credit was used, and were delivered to his wife, which testimony was rejected by the court, because " any subsequent disposition which defendant may have made of the property acquired in the manner charged could neither justify nor excuse the act of so acquiring it." *Held*, that this is a correct principle in the abstract; but when, as in this case, the question of *authority* was the essence of the controversy, it was error to exclude such testimony.

3. CONTINUANCE. — An application for a continuance, regular in every respect, and based upon the absence of testimony substantially the same as that excluded and above indicated, was improperly denied, because, as the State relied solely upon the testimony of the prosecuting witness for a conviction, as opposed by the statements of the accused to the merchants, the representations of the accused, if supported by additional testimony that the purchases were made for and delivered to the prosecuting witness's family, might have become material in aiding the jury to determine which of the two statements was true; and if it would have enabled them

to find that of the defendant to be true, or if sufficient to create a reasonable doubt, an acquittal would necessarily have followed. In this aspect of the case, the testimony might have become not only important, but altogether material.

4. APPEAL. — An appeal may be taken by the defendant in every criminal case when judgment of conviction has been rendered against him in the court below, and such appeal may be taken at any time during the term of the court at which the conviction is had. It is taken by giving notice thereof, and having the same entered of record. The effect of an appeal is to suspend and arrest all further proceedings until the judgment of this court has reached the court below.

5. SAME — SENTENCE. — In cases of felony, when an appeal from the judgment is taken, sentence should not be pronounced, but should be suspended until the decision of this court has been received. And further, when the defendant fails to appeal until after sentence has been pronounced, the appeal should nevertheless be allowed if demanded, and it has the effect of superseding the sentence and all other proceedings as fully as if taken at the proper time. The court in this case erred in pronouncing sentence on defendant after he had appealed, and over his objections.

APPEAL from the District Court of Orange. Tried below before the Hon. H. C. PEDIGO.

No brief for the appellant has reached the reporters.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. One of the wrongful acts made by express terms of the statute to come within the meaning of the specific offence denominated " swindling " is " the purchase of property upon the faith and credit of some other person, upon the false pretense that such other person has given the accused the right to use his name or credit in making the acquisition." Pasc. Dig., art. 2427.

Appellant in this case was charged with having used the name of one Ed Davis, without his knowledge or consent, in the acquisition of certain groceries and provisions from the store of Norsworthy & Wingate, merchants, whereby

the latter were swindled.    This is the substance of the indictment.    In its formal averments it conforms to the recognized standard authorities and precedents, and is sufficient.

To prove the falsity of the statements made by defendant to Norsworthy & Wingate, the State relies entirely upon the testimony of Davis.    As shown by the evidence, at the time the articles were obtained Davis was sick; and there is evidence going to show that they were taken by defendant to Davis's house, where they were eaten and used by the family.    Before going into the trial, defendant applied for a continuance, to enable him to procure the testimony of Mrs. Rosenbaum, by whom he states he can prove that the articles "were purchased for the family of the State's witness, Ed Davis," and "were delivered to Mrs. Davis, his wife."    This application showed due diligence, but was overruled by the court for the same reason, partly, we presume, as given for ruling out or refusing to permit the introduction of other testimony of a similar character, to wit, "that any subsequent disposition which defendant may have made of the property acquired in the manner charged in the indictment could neither justify nor excuse the act of so acquiring it."    Now, whilst this reason given by the court is true in the abstract, yet it must be remembered that the controversy in the case — and it was the pivotal point upon which it turned — was whether the witness Davis had authorized accused to procure the articles.    On the one hand, we have the statement of the accused made to the merchant, and on the other the contradicting statement of Davis on the trial, unsupported by any other evidence on that point.

If the defendant could prove by the witness that he had purchased the articles for Davis's family, and had brought them to his house and turned them over to his wife, it was a circumstance which might have been material in aiding the jury to determine which of the two statements was true; and if it enabled them to find affirmatively in favor of the

one made by defendant, or if it was sufficient to create in their minds a reasonable doubt as to the matter, his acquittal would necessarily have followed. In this aspect of the case the testimony might become not only important, but altogether material. And so believing, we are of opinion that the court erred in overruling the application and refusing the continuance. This error alone would necessitate a reversal of the case.

There is another error complained of which we are called upon to notice, because presented fully by the ninth bill of exceptions, reserved and certified at the time, and shown by the record in these words: "9. Be it further remembered that the defendant, by his counsel, then gave notice of appeal, but the court proceeded and did pass the sentence of the law upon said defendant; to which the defendant now here excepts." We find this exception fully sustained by the final judgment and sentence, which we copy, viz.:

" State of Texas ⎫
     *v.*    ⎬ June 29, 1878.
" Cæsar Bozier, ⎭

" Now, on this day came on to be heard the motion for a new trial herein filed by the defendant's attorney, and the same being heard and considered by the court, it is ordered that said motion be, and the same is here overruled. Whereupon came on to be heard the motion in arrest of judgment herein filed by this defendant, and the same being duly considered by the court, it is ordered that the said motion be, and the same is here overruled; to which ruling defendant, by attorney, excepts, and gave notice of appeal to the Court of Appeals. Whereupon the said defendant, Cæsar Bozier, who had been tried on a previous day of the term, to wit, June 28, 1878, upon a charge of swindling, and found guilty of said charge, and his punishment assessed at confinement in the State penitentiary for

the term of two years, being in open court, was caused to stand up, and asked by the court if there was reason why the sentence of the law should not be pronounced against him, failed to give any lawful reason; whereupon the following sentence or judgment was pronounced by the court: It is ordered, adjudged, and decreed · by the court that Cæsar Bozier, found guilty of the crime of ' swindling,' be confined to hard labor in the State penitentiary, at Huntsville, in Walker County, Texas, for the term of two years, and the sheriff of Orange County, on the adjournment of this court, will forthwith convey him to Huntsville and turn him over to the superintendent of the State penitentiary, in accordance with this decree.''

The above is the judgment in full. There is in it, or afterwards, no order of suspension until the case is heard and determined on appeal; and a fair presumption is that the sentence has been executed, and that the defendant is now actually in the penitentiary, notwithstanding his appeal. If such is not the case, then it is simply because the judgment has not been obeyed.

Our statute provides all the rules of procedure relative to and regulating appeals. Amongst others, we note the following as bearing upon the question here raised:

" An appeal may be taken by the defendant in every criminal case where judgment of conviction has been rendered against him in the District Court," etc. Pasc. Dig., art. 3183.

" Art. 3189. An appeal may be taken by the defendant at any time during the term of the court at which conviction is had.

" Art. 3190. An appeal is taken by giving notice thereof, and having the same entered of record.

" Art. 3191. The effect of an appeal is to suspend and arrest all further proceedings until the judgment of the Supreme Court [Court of Appeals] has been received by the

District Court." *Lewis Hill* v. *The State,* decided at the present term.

" In cases of felony, where an appeal is taken, sentence shall not be pronounced, but shall be suspended until the decision of the Supreme Court [Court of Appeals] has been received." Pasc. Dig., art. 3148.

In addition to the above, we have the further provision that, " where the defendant fails to appeal until after sentence has been pronounced, the appeal shall nevertheless be allowed, if demanded, and has the effect of superseding the sentence and all other proceedings as fully as if taken at the proper time." Art. 3192.

It follows that the defendant has the right to appeal from a judgment before sentence, and that if he avails himself of the right, sentence cannot be legally pronounced against him, and all further proceedings are suspended until the appeal has performed its functions.

We know of no authority of law which permits the rights thus secured to be disregarded ; and the action of the District Court of Orange County in passing sentence after defendant had appealed, and over his objections thereto, and the further action of ordering him to be taken forthwith to the penitentiary, notwithstanding his appeal, are also errors for which the case should be reversed.

It is not necessary to notice the other errors complained of, as those that would perhaps be tenable now are not likely to occur on a new trial.

For the reasons discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*